FILED

DEC 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP FRAZIER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AMERICAN AIRLINES, INC., a Delaware corporation; MOANA JEREMIA, an individual; DOES, 1 through 10, inclusive, <br><br> Defendants-Appellees. | No. 23-55508 <br><br> D.C. No. <br> 2:22-cv-04723-JFW-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 10, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Phillip Frazier appeals pro se from the district court's summary judgment in

his age discrimination action under California's Fair Employment and Housing Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and related claims against his former employer, American Airlines (American). *See* Cal. Gov't Code § 12940(a). Frazier claimed that American used its June 2020 COVID-19 Reduction in Force as pretext to terminate Frazier's employment because of his age. Reviewing de novo,[1] we affirm.

The district court did not err in granting American's motion for summary judgment on Frazier's age discrimination claim. *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (2000). Frazier's prima facie case for age discrimination fails because he did not create a triable issue of fact regarding whether he was terminated because of his age. *See id.* To support his age discrimination claim, Frazier cited his own opinion and statistics about the employees who were terminated alongside him in American's COVID-19 Reduction of Force, but neither is availing. *See Horn v. Cushman & Wakefield W., Inc.*, 85 Cal. Rptr. 2d 459, 472 (Ct. App. 1999); *see also Martin v. Bd. of Trs. of Cal. State Univ.*, 315 Cal. Rptr. 3d 117, 135 (Ct. App. 2023). Frazier's age discrimination claim fails for the additional reason that American presented legitimate non-discriminatory reasons for Frazier's termination that Frazier failed to show were pretextual. *See Kelly v. Stamps.com Inc.*, 38 Cal. Rptr. 3d. 240, 247 (Ct. App. 2005); *see also Guz*, 8 P.3d at 1114. We reject Frazier's belated attempts to supplement the record and

---

[1] *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

raise new issues in support of his age discrimination claim on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003); *see also Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

The district court also correctly entered summary judgment for American on Frazier's claims for failure to prevent discrimination in violation of California Government Code § 12940(k) and wrongful termination in violation of public policy. Both claims are predicated on a showing of discrimination, which Frazier did not make. *See Scotch v. Art Inst. of Cal.-Orange Cnty. Inc.*, 93 Cal. Rptr. 3d. 338, 367 (Ct. App. 2009); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 213, 220 (1982); *see also Stevenson v. Superior Ct.*, 941 P.2d 1157, 1162–63 (1997).

Finally, we decline to reinstate Frazier's disability discrimination claims[2] that he conceded should be dismissed in the district court. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258–59 (9th Cir. 1999).

**AFFIRMED.**

---

[2] Frazier initially brought claims for disability discrimination in violation of California Government Code § 12940(a); failure to accommodate disability in violation of California Government Code § 12940(m)(1); and failure to engage in interactive process in violation of California Government Code § 12940(n).